UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

| | |
|---|---|
| Asia Marine Pacific Chartering, Ltd., <br> AMP Handybulk Carriers Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> A. Cayume Hakh & Sons, <br><br> Defendant, and <br><br> Unico International Consulting, Inc. <br> Domingo Lopez, Jr. <br><br> Garnishees. | Case Number: 1:19-CV-24919-BB |

**DEFENDANT A. CAYUME HAKH & SONS' ANSWER TO PLAINTIFFS' COMPLAINT WITH REQUEST FOR ISSUE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND AFFIRMATIVE DEFENSES**

Defendant A. CAYUME HAKH & SONS respectfully submits the following Answer and Affirmative Defenses in response to the Complaint with Request for Issue of Process of Maritime Attachment of Plaintiffs Asia Marine Pacific Chartering, Ltd. and AMP Handybulk Carriers Ltd. As a general denial, all non-specifically admitted allegations, arguments, and implications contained within the Plaintiffs' Complaint are denied by A. CAYUME HAKH & SONS.

# I.
# ANSWER

### Jurisdiction and Venue

1. ADMITTED that Plaintiffs are asserting a maritime claim in the present action.

2. Defendant possesses insufficient knowledge to form a belief as to the allegations contained in Paragraph 2, and leaves Plaintiffs to their proofs. To the extent that such is deemed required, the allegations in Paragraph 2 are Denied.

## Parties

3. ADMITTED.

4. ADMITTED.

5. ADMITTED that alleged garnishees are registered to do business in this District. Whether either entity constitutes a "garnishee" pursuant to maritime law in an attachment / garnishment action is a legal conclusion to which no response is required; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

## Facts

5(b). Defendant possesses insufficient knowledge to form a belief as to the allegations contained in Paragraph 5(b) as Plaintiffs have wholly failed to attach the charterparty or charterparties upon which its claims are based, nor quoted the language and terms therein, such that Defendant cannot determine (a) who the named charterer/charterers are under such contracts, (b) who assumed liability for demurrage under such contract(s); (c) what the laytime terms, exceptions, and liabilities were agreed to, and (d) what parties or entities in fact caused any delays during laytime, and therefore leaves Plaintiffs to their proofs. A plaintiff alleging breach of contract must attached the contract or quote from the provision(s) allegedly breached and explain in detail how the breach(es) occurred. *See Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1340–41 (S.D. Fla. 2012) ("…to adequately allege a breach of contract claim, Plaintiffs are required to point toward an express provision in the contract that creates the obligation allegedly breached... Accordingly, Count Two is dismissed.").

6. Defendant possesses insufficient knowledge to form a belief as to the allegations contained in Paragraph 6 as Plaintiffs have wholly failed to attach the charterparty or charterparties upon which its claims are based, nor quoted the language and terms therein, such that Defendant cannot determine (a) who the named charterer/charterers are under such contracts, (b) who assumed liability for demurrage under such contract(s); (c) what the laytime terms, exceptions, and liabilities were agreed to, and (d) what parties or entities in fact caused any delays during laytime, and therefore leaves Plaintiffs to their proofs. Additionally, Plaintiffs have wholly failed to attach the alleged invoices nor proof of receipt of the same, such that Defendant cannot assess the propriety of such assertions, and therefore leaves Plaintiffs to their proofs.

7. The allegations contained in Paragraph 7 of the Complaint are DENIED for lack of knowledge or information sufficient to form a belief about the truth of said allegations, and the Defendant leaves the Plaintiffs to their proofs. Defendant DENIES that it assumed any liability for demurrage or that is owes any of the claimed demurrage charges to Plaintiffs, nor caused any delays as claimed.

8. Paragraph 8 asserts a legal conclusion to which no response is required; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

## Count I – Breach of Maritime Contract

9. No response is required to Plaintiffs' incorporation of prior paragraphs; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

10. Paragraph 10 asserts a legal conclusion to which no response is required; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

11. The allegations contained in Paragraph 11 of the Complaint are DENIED for lack of knowledge or information sufficient to form a belief about the truth of said allegations, and the

Defendant leaves the Plaintiffs to their proofs. Defendant DENIES that it assumed any liability for demurrage or that is owes any of the claimed demurrage charges to Plaintiffs, nor caused any delays as claimed.

12. No response is required to Plaintiffs' prayer; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

### Count II –Maritime Attachment and Garnishment (Rule B)

13. No response is required to Plaintiffs' incorporation of prior paragraphs; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

14. ADMITTED that Plaintiffs seek maritime attachment; DENIED that Plaintiffs have any right to maritime attachment regarding Defendant.

15. Defendant possesses insufficient knowledge to form a belief as to the allegations contained in Paragraph 15, and leaves Plaintiffs to their proofs. To the extent that such is deemed required, the allegations in Paragraph 2 are DENIED.

16. Paragraph 16 asserts a legal conclusion to which no response is required; to the extent that a response may be deemed necessary, then the allegations in this Paragraph are DENIED.

## II.

### AFFIRMATIVE DEFENSES OF

### FIRST DEFENSE – Scope of Contract

The Plaintiffs' right to recovery, if any is found to exist, is expressly limited by the terms and conditions set forth in the charterparty / charterparties, and such duties and liabilities are solely imposed upon express signatories of such contract. Under such terms and conditions, charterers are solely liable for exceeding laytime under certain circumstances, while other conditions do not trigger such liability.

### SECOND DEFENSE— Failure to Mitigate Damages

If the Plaintiffs' have been damaged as alleged by any excess laytime, then their damages must have been mitigated to minimize financial impart, and any damages caused by failure to minimize such harms are not properly collectible from Defendant, assuming any liability could attach to Defendant regarding the claim demurrage fees.

### THIRD DEFENSE— Prevention of Performance

The Plaintiffs have no right to recovery from Defendant because Defendant's performance was prevented by factors including weather conditions, actions and/or inaction by the ships' master and crew, third-party equipment failures, lack of receiving vehicles, customs delays, and the like. Defendant cannot be liable where the acts or inactions of third parties, or weather conditions, were in fact the cause of delays.

### FOURTH DEFENSE— Act of God / Adverse Weather Conditions

The Plaintiffs' right to recovery of demurrage fees is limited where laytime work was precluded by adverse weather conditions. If any laytime delays occurred, delays were proximately caused solely by an act of God in the form of adverse weather conditions.

### FIFTH DEFENSE— Lack of Privity

The Plaintiff's right to recovery, if any is found to exist, is expressly limited by the terms and conditions set forth on charterparty / charterparties executed by the parties. However, contrary to what is alleged by Plaintiffs, defendant A. CAYUME HAKH & SONS is not a signatory to any

charterparty with Asia Marine Pacific Chartering, Ltd. or AMP Handybulk Carriers Ltd., nor did A. CAYUME HAKH & SONS authorize any agent to agree to demurrage fees on its behalf. Therefore, not privity exists between Plaintiffs and Defendant, and no liability can attach to Defendant as alleged.

### SIXTH DEFENSE— Lack of Personal Jurisdiction

As defendant A. CAYUME HAKH & SONS is not present in this District, nor does Defendant possess any assets within this District (or any property that will soon be in it), the Court lacks personal jurisdiction over Defendant.

### SEVENTH DEFENSE— Lack of Subject Matter Jurisdiction

This court lacks subject matter jurisdiction over the matters alleged in the complaint in that

### EIGHTH DEFENSE— Lack of Quasi-in-Rem or In Rem Jurisdiction

Defendant A. CAYUME HAKH & SONS is not present in this District, nor does it possess assets or property within this District (or soon to be in it), and as a result the Court cannot attain Quasi-in-Rem or In Rem Jurisdiction.

### NINTH DEFENSE—Reasonable Care Exercised

DEFENDANT and/or its agents performed its duties under the charterparty with reasonable care and pursuant to conditions during laytime, and at all times exercised reasonable and ordinary care. Thus, DEFENDANT is not liable to Plaintiffs.

### TENTH DEFENSE—Comparative Negligence

The Plaintiffs' right to recover damages from DEFENDANT must be in proportion to each party's comparative fault in causing the damages alleged. Here, any alleged delays beyond laytime were the proximate result of third-party equipment failures, lack of cargo transport vehicles, occurrence of adverse weather rendering unloading impossible, and delays caused by the ships' master and crew or dock personnel. Any negligence alleged against Defendant in extending loading or unloading beyond laytime must be reduced under a comparative fault regime, to account for all delay caused by the Plaintiffs as well as the acts of any third parties.

### ELEVENTH DEFENSE—Failure to State a Claim

Under the law governing maritime contracts and maritime attachment and garnishment, the Plaintiffs fail to state a claim.

### TWELVTH DEFENSE—No Breach of Contract

DEFENDANT or its agents performed its duties under the charterparty contract(s) with Plaintiffs faithfully and without negligence and did not breach any term of said contract.

### THIRTEENTH DEFENSE—Innocence

DEFENDANT avers that it is not guilty of the delays alleged in Plaintiffs' Complaint and demands strict proof thereof.

### FOURTEENTH DEFENSE—No Duty Breached

DEFENDANT denies the breach of any legal duty allegedly owed to Plaintiffs.

### FIFTEENTH DEFENSE—Plaintiff's Own Actions/Inaction

Plaintiffs' own actions or inactions caused or contributed to the extension beyond scheduled laytime, and thus, Plaintiffs and/or their agents caused or contributed to their own damages.

### SIXTEENTH DEFENSE—No Property of Defendant in District

Attachment and garnishment are inapposite because neither the Defendant's lawsuits against the alleged above-captioned Garnishees, nor any potential awards therefrom, constitute goods, chattels, credits or effects.

### THE DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

1. Plaintiffs' claims and prayer for attachment and garnishment be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in the Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiffs pursuant to applicable laws; and

5. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ *Roy R. Lustig*
Roy R. Lustig (Fla. Bar No. 280070)
Law Offices of Roy R. Lustig,
 A Professional Association
14 N.E. First Avenue
Suite 605, One Flagler Condominium
Miami, Florida 33132
Telephone: (305) 371-4213
E-Mail: Roy@RLustig-Law.com;and
Assistant@RLustig-law.com
Attorney for the Defendant A.Cayume Hakh & Sons

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through the CM/ECF system on all counsel or parties of record on the Service List below on January 6, 2020.

/s/ *Roy R. Lustig*
Roy R. Lustig

## SERVICE LIST

**Blanck &Cooper, P.A.**
Jonathan S. Cooper, Esq.
Email: Jcooper@shiplawusa.com
Robert W. Blanck, Esq.
Email: rblanck@shiplawusa.com

Simms Showers LLP
J. Stephen Simms
Email: jssimms@simmsshowers.com