# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-24919-BLOOM/Louis

ASIA MARITIME PACIFIC CHARTERING LTD.
and AMP HANDYBULK CARRIERS LTD.,

      Plaintiffs,

v.

A. CAYUME HAKH & SONS,

      Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant A. Cayume Hakh & Sons' ("Defendant") Motion and Memorandum of Law to Dismiss the Plaintiffs' Complaint, ECF No. [30] (the "Motion"). Plaintiffs Asia Maritime Pacific Chartering Ltd. and AMP Handybulk Carriers Ltd. (together, "Plaintiffs") filed a Response, ECF No. [33] ("Response"). Defendants did not file a Reply. The Court has carefully considered the Motion and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

## I.     BACKGROUND

This case arises as a result of alleged breach of maritime contracts related to chartered bulk cargo shipments of rice, and the failure to pay applicable demurrage. *See generally*, ECF No. [1]. In the Motion, Defendant seeks dismissal of the Complaint on the basis that the parties entered into fixture recap contracts regarding the chartered voyages at issue in this case, and that those contracts contain a binding arbitration provision requiring that any dispute is subject to arbitration in London.

At the outset, the Court notes that while the Motion is styled as a motion to dismiss, the relief Defendant is seeking is for the Court to compel arbitration. Thus, rather than engage in a dismissal analysis, the Court determines whether it must compel arbitration in this case.

## II.    LEGAL STANDARD

The presence of a valid arbitration provision raises a strong presumption of enforcement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985) (stressing that the enforcement of a mutually agreed upon arbitration or forum-selection serves as an "indispensable precondition to the achievement of the orderliness and predictability essential to any international business transaction"). Indeed, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Accordingly, the FAA requires courts to "rigorously enforce agreements to arbitrate." *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1357-58 (11th Cir. 2002) *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773 (2014) (quoting *Mitsubishi Motors*, 473 U.S. at 625-26); *Hemispherx*, 553 F.3d at 1366 ("The role of the courts is to rigorously enforce agreements to arbitrate.") (internal citation and quotation omitted). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

When presented with a motion to compel arbitration, a district court will consider three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F.

Supp. 2d 1318, 1322 (S.D. Fla. 2010) *aff'd*, 433 F. App'x 842 (11th Cir. 2011); *see also Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003); and *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)) ("Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived."). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013).

"By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."). Through this lens, the Court considers the instant Motion.

## III.    DISCUSSION

In the Motion, Defendant argues that the arbitration clause appears in five fixture recaps generated by Plaintiffs confirming for Defendant which form charter party terms were agreed to by the parties. According to Defendant, the five parallel fixture recaps state that "Arbitration in London, English law to apply," and adopt the industry standard Gencon 94 charter party terms, which include a provision regarding arbitration:

> 19. Law and Arbitration
> *(a) This Charter Party shall be governed by and construed in accordance with English law and any dispute arising out of this Charter Party shall be referred to arbitration in London in accordance with the Arbitration Acts 1950 and 1979 . . . .

ECF No. [30-1]. As a result, Defendant argues that the present dispute must be resolved through arbitration in London under English law.

In their Response, Plaintiffs do not dispute the existence or validity of the arbitration provision, nor do they dispute that the provision applies to this case. Instead, Plaintiffs argue that Defendant has waived the right to arbitration by virtue of requesting dismissal of the Complaint.[1] The Eleventh Circuit has determined that under the FAA, a two-part test is used to establish a waiver of a right to demand arbitration. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." *Ivax Corp.*, 286 F.3d at 1316. To determine whether the other party has been prejudiced, "[the court] may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514. "Prejudice exists when the party

---

[1] Plaintiffs also contend that notwithstanding the arbitration provision, Plaintiffs properly elected to proceed in this Court rather than through arbitration. Plaintiffs' contention is unsupported by applicable case law. *See supra* at II. It is the party seeking to compel arbitration that may be found to have waived that right; it is not, as Plaintiffs contend, Plaintiffs' right to choose between litigation or arbitration where a valid enforceable arbitration provision exists. *See Johnson v. Keybank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1294 (11th Cir. 2014) (stating that waiver occurs when "both: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party.") (quotation marks omitted).

opposing arbitration undergoes the types of litigation expenses that arbitration was designed to alleviate." *In re Checking Account Overdraft Litig.*, 754 F.3d at 1294 (internal quotations omitted).

Plaintiffs argue that Defendant has waived the right to arbitration by filing the Motion, which seeks dismissal of Plaintiffs' claims with prejudice, by filing an answer and failing to assert any affirmative defense demanding arbitration, failing to give Plaintiffs five-day notice of the demand to arbitrate in accordance with 9 U.S.C. § 4, and failing to stipulate that this case should be stayed pending arbitration. In support of this argument, Plaintiffs rely on *Davis v. White*, --- F. App'x ----, 2020 WL 64748, at *5 (11th Cir. Jan. 7, 2020). Upon review, however, *Davis* is easily distinguishable. In *Davis*, the defendants waited eighteen months to file their motions to compel arbitration, after seeking dismissal of the complaints, the parties engaged in discovery, and the defendants appealed the district court's orders permitting the plaintiffs to amend their complaints. *Id*. at *2.

In this case, the Court does not find that Defendant's conduct has been inconsistent with the right to arbitrate or that Defendant has substantially invoked the litigation machinery. First, as the Court has already noted, the Motion is more properly viewed as a motion to compel arbitration, rather than a motion to dismiss. Second, there is no indication that the parties have engaged in extensive discovery, and Defendant is seeking arbitration a little more than two months after filing its Answer, ECF No. [22]. Moreover, Defendant's refusal to stipulate to a stay does not otherwise justify finding a waiver of the right to arbitrate in this case. Accordingly, the Court does not find that Defendant has waived the right to arbitrate.

However, the Court disagrees that Defendant is entitled to dismissal with prejudice under these circumstances. In response to Defendant's request, Plaintiff argues that should the court compel arbitration, the Court should stay this case pending arbitration. However, where the Court

compels arbitration of all of the claims involved, the Court sees no benefit to a stay, as opposed to dismissal. *See Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (emphasis in original) (citations and quotations omitted). As such, the Court will dismiss this case without prejudice.

Finally, Defendant argues that it is entitled to recover reasonable attorney's fees in defending this case. It reasons that if the Court compels arbitration, this case is frivolous. Plaintiffs have not responded in substance to Defendant's argument regarding fees. In support of its argument, Defendant relies on *JSM Marine LLC v. Gaughf*, 407 F. Supp. 3d 1358, 1377 (S.D. Ga. 2019), in which the court stated that

> [a]ttorneys' fees will be awarded to the prevailing party in maritime cases if: (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees. The granting of attorney's fees is discretionary in admiralty actions[.]

*Id*. According to Defendant, because Plaintiffs were aware of the arbitration provision in the five fixture recaps, and chose to file suit in this Court, Plaintiffs have acted in bad faith. The Court declines to make such a finding. First, the court in *JSM* did not consider whether fees were warranted in the same circumstances as here. Second, Defendant cites no case law for the proposition that filing suit notwithstanding an arbitration provision constitutes bad faith. Finally, Plaintiffs' conduct in this case is no more worthy of condemnation than Defendant's conduct— where Defendant was also undoubtedly aware of the arbitration provision, filed an Answer, and then styled its Motion as a motion to dismiss the claims in this case with prejudice on the basis of the arbitration clause. As a result, Defendant's request for fees are denied.

Accordingly, the Motion, **ECF No. [30]**, is **GRANTED IN PART**, and Plaintiffs' claims must proceed in arbitration. This case is **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record