# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-24919-BLOOM/Louis

ASIA MARITIME PACIFIC CHARTERING LTD.
and AMP HANDYBULK CARRIERS LTD.,

    Plaintiffs,

v.

A. CAYUME HAKH & SONS,

    Defendant.
_____/

## **ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiffs Asia Maritime Pacific Chartering Ltd. and AMP Handybulk Carriers Ltd.'s (together, "Plaintiffs") Motion and Supporting Memorandum to Reconsider Dismissal and to Stay Case as Required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 8, ECF No. [35] ("Motion"). Defendant A. Cayume Hakh & Sons' ("Defendant") filed a response, ECF No. [36] ("Response"), to which Plaintiffs filed a reply, ECF No.[37] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

Plaintiffs commenced this case, which involves alleged breach of maritime contracts related to chartered bulk cargo shipments of rice, and the failure to pay applicable demurrage, by filing their Complaint and a request for issuance of process of maritime attachment and garnishment pursuant to Supplemental Rule B. *See* ECF No. [1]. The Court granted Plaintiffs' request and directed the Clerk of Court to issue summonses and processes of attachment and garnishment, and writs of attachment and garnishment, ECF No. [13], which were duly served,

ECF Nos. [23], [24]. Defendant filed an Answer and Affirmative Defenses to the Complaint, ECF No. [22]. Thereafter, Defendant filed a Motion to Dismiss, ECF No. [30] ("Motion to Dismiss"), seeking dismissal of this case with prejudice and referral to arbitration on the basis of a valid binding arbitration agreement between the parties. The Court construed the Motion to Dismiss as a motion to compel arbitration, finding that all claims in this case must proceed through arbitration, and dismissing the case without prejudice. *See* ECF No. [34] ("Order").[1] In the present Motion, Plaintiffs request reconsideration of the portion of the Court's Order dismissing this case, rather than entering a stay pending arbitration.

"[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

Plaintiffs do not dispute that all of the issues between the parties in this case are subject to arbitration, but argue that the Court should nonetheless enter a stay and retain jurisdiction pursuant to 9 U.S.C. § 8. In its Response, Defendant argues that pursuant to 9 U.S.C. § 3, because Plaintiffs never demanded pre-suit arbitration, Plaintiffs cannot now demand that the action be stayed. Upon review, however, the Court agrees with Plaintiffs that the Court should vacate the portion of its Order dismissing this case without prejudice.

---

[1] In response to the Motion to Dismiss, Plaintiffs requested that the Court stay this case and retain jurisdiction in the event of an arbitration. *See* ECF No. [33].

Pursuant to the FAA,

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Defendant argues that the Court should find Plaintiffs to be in default in this case because they initiated suit in plain violation of the agreement to arbitrate. However, Defendant's position overlooks that the FAA further states that,

> [i]f the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, *notwithstanding anything herein to the contrary*, *the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings*, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

9 U.S.C. § 8 (emphasis added). Thus, the FAA plainly permits Plaintiffs to initiate maritime proceedings in this Court, even if an agreement to arbitrate exists. *See The Anaconda v. Am. Sugar Ref. Co.*, 322 U.S. 42, 46 (1944) (in discussing § 8, stating that "Congress plainly and emphatically declared that although the parties had agreed to arbitrate, the traditional admiralty procedure with its concomitant security should be available to the aggrieved party without in any way lessening his obligation to arbitrate his grievance rather than litigate the merits in court."). The cases cited by Defendant for the proposition that dismissal is nonetheless appropriate are inapposite, as none of the cases Defendant relies upon involved cases arising under the Court's maritime jurisdiction.

As a result, the Court finds that a stay pending arbitration, rather than a dismissal, is appropriate in this case. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [35]**, is **GRANTED**. The portion of the Court's Order, ECF No. [34], dismissing this

case without prejudice is **VACATED**. The Clerk of Court is directed to enter a **STAY** in this case pending arbitration. This case shall remain closed for administrative purposes only, and without prejudice to the parties to move to reopen once the arbitration has been completed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record